



FILED
8/11/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

GMC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Robert Sam,
Plaintiff,

v.

Officer Greyson Scott, Officer Andrew Neuman, Officer Aaron Lockhart, Officer Grayson Zepeda, and John/Jane Does 1–5,
Defendants.

Case No. 3:25-cv-50338

## PLAINTIFF'S MOTION TO TRANSFER CASE TO THE EASTERN DIVISION (CHICAGO) DUE TO APPEARANCE OF BIAS AND CONFLICT OF INTEREST

Plaintiff Robert Sam, pro se, respectfully moves this Court under 28 U.S.C. §§ 1404(a), 455(a), and the Court's inherent authority, for an order transferring this matter from the Western Division (Rockford) to the Eastern Division (Chicago) to ensure a fair and impartial proceeding, and states:

**1.** Plaintiff is a resident of the Northern District of Illinois and brings this § 1983 and ADA/§ 504 civil rights action against multiple officers of the Sycamore Police

Department for ongoing retaliation, harassment, and denial of equal protection.

**2.** On August 8, 2025, this case was assigned to Magistrate Judge Ian Johnston in the Western Division.

**3.** Chief Judge Bradley Waller, who is a named defendant in a separate pending federal lawsuit Plaintiff has filed in the Northern District of Illinois (Eastern Division, Chicago), has stated directly to Plaintiff that he "knows" Judge Johnston.

**4.** Judge Johnston has likewise acknowledged to Plaintiff that he personally knows Judge Waller.

**5.** The existence of a personal relationship between Judge Waller and Judge Johnston creates an **appearance of bias under** 28 U.S.C. § 455(a) that cannot be ignored. This connection is of particular concern because Plaintiff has ongoing litigation against Waller, and Judge Johnston is already presiding over Plaintiff's other federal case involving overlapping defendants and facts (*Sam v. DeKalb County, et al.*).

**6.** The Due Process Clause guarantees every litigant the right to a fair and impartial tribunal. *See In re Murchison*, 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process."). The appearance of bias alone is sufficient to require reassignment to preserve

public confidence in the judiciary. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860–61 (1988).

**7.** Given the high-profile nature of Plaintiff's allegations, the overlapping parties, and the personal connection between the assigned judge and a named defendant in related litigation, transferring this case to the Eastern Division (Chicago) is necessary to ensure impartiality and avoid even the perception of impropriety.

**8.** The Northern District has full discretion to assign matters within its divisions to promote the interests of justice. See Local Rule 40.4(b); *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985) (emphasizing the importance of avoiding situations where impartiality "might reasonably be questioned").

**WHEREFORE**, Plaintiff respectfully requests that this Court transfer this case to the Eastern Division (Chicago) and reassign it to a judge with no personal or professional connection to any named defendant in Plaintiff's related litigation.

Respectfully submitted,

Dated: August 11, 2025

/s/ Robert Sam
Robert Sam
639 stonegate dr
Sycamore Illinois 60178
779-777-3265

harpees5@yahoo.com
Plaintiff, Pro Se