**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| ROBERT SAM, | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 CV 50338 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| GREYSON SCOTT, *et al.*, | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Robert Sam has sued four officers of the Sycamore Police Department: Greyson Scott, Andrew Neuman, Aaron Lockhart and Grayson Zepeda. He alleges the officers have engaged in a "multi-year campaign of harassment, retaliation, and selective enforcement." Complaint [1] at 2. He raises claims under 42 U.S.C. §§ 1983 and 1985(3) alleging retaliation in violation of the First Amendment, false arrest in violation of the Fourth Amendment, violation of his rights to Equal Protection under the Fourteenth Amendment, as well as claims of civil rights conspiracy, violations of the Americans with Disabilities Act, and a *Monell* claim that the Sycamore Police Department maintains a policy of refusing him service and retaliating against him.

Before the Court is Mr. Sam's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). Dkt. 3. The application establishes Mr. Sam's indigency and his motion [3] is granted. In addition to allowing a party to proceed without prepayment of fees, § 1915 directs this Court to review the complaint and dismiss any action that fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Because Mr. Sam filed his complaint *pro se*, the Court will liberally construe it. *See Lawrence v. Interstate Brands*, 278 Fed. Appx. 681, 683 (7th Cir. 2008).

Mr. Sam alleges that defendant Officer Scott charged him with three felony counts in cahoots with Mr. Sam's neighbors and based on false charges. He alleges that conduct occurred in the years 2021 and 2022. The statute of limitations for a § 1983 claim arising in Illinois is two years. *See Northwestern Ill. Area Agency on Aging v. Basta*, 145 F.4th 695, 701 (7th Cir. 2025). Although the statute of limitations is usually raised as an affirmative defense, a court may sua sponte dismiss a claim under § 1915(e)(2)(B) when its untimeliness is plain from the language of the complaint. *See Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). Given Mr. Sam's allegations that Officer Scott's conduct occurred three or more years ago, the claims against Officer Scott are dismissed as untimely, including the entirety of the Fourth Amendment claim, which is alleged only against Officer Scott.

The complaint alleges nothing about Officer Lockhart other than his name. It alleges no conduct by him, and therefore does not plausibly state a claim against him. Accordingly, the claims against Officer Lockhart are also dismissed.

**EXHIBIT A**

Mr. Sam raises a claim under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), alleging that the Sycamore Police Department maintained a policy of refusing him service, failing to investigate his complaints, and retaliating against him. But the Sycamore Police Department is not named as a defendant. He has named the four officer defendants in both their individual and "official" capacities, and perhaps intended to raise the *Monell* claims against them in the latter as policymakers. But he has not plausibly suggested any of them are policymakers, let alone with final decision-making authority. *See Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 675-76 (7th Cir. 2009). Accordingly, the *Monell* claims are dismissed.

Next, the Court addresses his conspiracy claim raised under 42 U.S.C. § 1985(3). To bring a conspiracy claim under § 1985(3), a plaintiff must plausibly suggest that the claim is based on racial or class-based animus. *Katz-Crank v. Haskett*, 843 F.3d 641, 650 (7th Cir. 2016). Mr. Sam has not plausibly suggested that the defendants acted based on his race or his membership in any other protected class. Indeed, he has not even alleged his race or any protected class of which he is a member. His conspiracy claim is dismissed.

To sum up, the Court dismisses all claims against Officers Scott and Lockhart, as well as the Fourth Amendment, conspiracy, and *Monell* claims against all defendants. For now Mr. Sam may proceed with the remaining First Amendment and Equal Protection claims against Officers Neuman and Zepeda in which he alleges they singled him out by refusing to file a police complaint or press charges against others as he requested, and that they did so knowing of his wife and daughter's disabilities. The Court expresses no opinion on the viability of any of these claims, for instance the issue of his standing to assert claims under the ADA. *See, e.g., Baaske v. City of Rolling Meadows*, 191 F. Supp. 2d 1009, 1015-17 (N.D. Ill. 2002) (discussing zones of interest and third-party standing under the ADA). Defendants remain free to raise any arguments for dismissal of these claims that do not run afoul of Fed. R. Civ. P. 11.

Pending are two other motions by Mr. Sam, both motions to transfer this case to the Eastern Division, Dkts. 4, 5. Mr. Sam perceives this Court to be biased against him because the judge in his state court proceeding mentioned being acquainted with this Court. As this Court responded when Mr. Sam raised this same issue in one of his other cases, "That is true. However, we have never discussed that case, this case, or the plaintiffs." *Sam v. DeKalb Housing Authority*, No. 25 CV 50219 (N.D. Ill.), Dkt. 11 at 1. The motions to transfer [4] and [5] are denied.

- 3 -

Mr. Sam is advised that the Northern District of Illinois' website has information they may find useful on its webpage entitled "Pro Se / Representing Yourself." The Hibbler Memorial Pro Se Assistance Program may also have appointments available at hibbler-memorial-pro-se-assistance-program.appointlet.com.

Date:  November 4, 2025      By: _____

Iain D. Johnston
United States District Judge