**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ROBERT SAM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25 CV 50338 |
| | ) | |
| v. | ) | |
| | ) | |
| GREYSON SCOTT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS**
**COUNTS I AND III OF PLAINTIFF'S COMPLAINT**

NOW COME Defendants, Andrew Neuman ("Officer Neuman") and Grayson Zepeda ("Officer Zepeda") (collectively "Sycamore Police Officers"), by and through their attorney, K. Austin Zimmer, and state the following as their Reply to Plaintiff's Response in Opposition to their Motion to Dismiss:

**INTRODUCTION**

Plaintiff's remaining claims allege First Amendment Retaliation (Count I) and Equal Protection (Count III) against Officer Neuman and Officer Zepeda. As relevant to Counts I and III, Plaintiff alleged that Officer Neuman and Officer Zepeda refused to file charges on his behalf. Plaintiff's Response to Defendant's Motion to Defense ("Response") only further illustrates the deficiencies in his Complaint. As Plaintiff has failed to sufficiently plead either claim, Defendants' Motion to Dismiss should be granted with prejudice.

1

## ARGUMENT

**I.  PLAINTIFF'S COMPLAINT HAS NOT SUFFICIENTLY PLED FIRST AMENDMENT RETALIATION**

**A.  Sycamore Police Officers have not mischaracterized Plaintiff's First Amendment Retaliation claim.**

Plaintiff claims that Sycamore Police Officers have mischaracterized his First Amendment Retaliation claim by contending that Plaintiff's Complaint concerns Officers' refusal to investigate or file charges on his behalf. Yet, Plaintiff's Complaint fails to enumerate elements or plead sufficient facts for said claim to infer otherwise.

In his response, Plaintiff alleges that "Defendants retaliated against him for engaging in protected First Amendment activity by selectively exercising police authority against him while refusing to exercise that authority on his behalf." ***See* Plaintiff's Response, p. 5, Ex. A.** However, this allegation is not reflected in Plaintiff's Complaint. Instead, Plaintiff arbitrarily lists a series of instances between him, Officer Nueman, and Officer Zepeda. ***See* Plaintiff's Complaint, Ex. B**. As to Officer Nueman, Plaintiff alleges that he "refused to press charges or take a report against Mobile or Cronauer for filing a false police report (…) and instead investigated Plaintiff over an unrelated email." *Id.* at ¶ 36. Plaintiff broadly alleges that this was "done in retaliation for Plaintiff's lawsuits against Cronauer, Oncken, and Judge Waller." *Id.* at ¶ 37. As to Officer Zepeda, Plaintiff merely alleges that "when Plaintiff attempted to file a police complaint against Mobile and Cronauer for criminal fraud, presenting evidence and proof, Defendant Zepeda refused to file the report." *Id.* at ¶ 38.

Nowhere in his Complaint does Plaintiff enumerate elements of his First Amendment Retaliation claim or suggest that his complaint is based on anything other than Officer Neuman and Officer Zepeda's refusal to investigate or file charges. *See id*. Thus, based on the factual

2

allegations provided in the Complaint, Plaintiff was attempting to claim that he exercised his right to petition the government for a redress of grievances. All factual allegations, especially those related to Officer Zepeda, concern Plaintiff's right to have police investigate or file charges on his behalf. Accordingly, Plaintiff's First Amendment Retaliation claim has not been mischaracterized and is insufficiently pled. As such, Count I must be dismissed.

**B.      Plaintiff has not pled essential elements of his First Amendment Retaliation claim.**

To state a claim for First Amendment Retaliation, Plaintiff must allege that (1) he engaged in constitutionally protected activity; (2) he suffered an adverse action that would likely deter future First Amendment activity; and (3) the protected activity was at least a motivating factor in the defendants' decision to take retaliatory action. *Santana v. Cook Cnty. Bd. of Rev.,* 679 F.3d 614, 622 (7th Cir. 2012). Plaintiff attempts to enumerate these elements in his Response.  However, the facts alleged to support his claim are not pled in his Complaint. For instance, in his Response, Plaintiff claims that after he "engaged in Attorney-General-related activity, Officer Neuman actively pursued allegations against Plaintiff, contacted prosecutors, and generated police reports." *See* Plaintiff's Response, p. 8. This assertion is not reflected in Plaintiff's Complaint.

Nevertheless, these facts are speculative; even when referencing temporal proximity as circumstantial evidence of retaliation, Plaintiff must still provide enough evidence to make his claim of retaliatory motive more than speculative. *See Marshall v. Lentini*, No. 1:24-CV-08425, 2025 WL 2765738, at *5 (N.D. Ill. Sept. 26, 2025). Despite Plaintiff's Response providing more detail, the parties involved in Plaintiff's "Attorney-General related activity" and his lawsuits are entirely unrelated to Officer Neuman and Officer Zepeda. Thus, it would be speculative to claim that Plaintiff's conduct was a motivating factor in their refusal to file Plaintiff's reports and alleged pursuit of allegations against Plaintiff. Nevertheless, none of these facts are clearly pled in his

3

Complaint. As previously stated, Plaintiff instead makes a series of factual allegations involving Officer Neuman and Zepeda, and merely requests relief under a First Amendment Retaliation claim at the very end of his Complaint. Any attempt to assert additional facts in his Response is improper. Accordingly, Count I must be dismissed.

## II.    PLAINTIFF'S COMPLAINT HAS NOT SUFFICIENTLY PLED A CLASS-OF-ONE EQUAL PROTECTION CLAIM.

In his response, Plaintiff contends that he has alleged a class-of-one Equal Protection claim. Though Plaintiff argues that he is not required to identify every comparator with evidentiary precision, Plaintiff must nonetheless establish the existence of a similarly situated individual to state a class-of-one Equal Protection claim. *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1003 (7th Cir. 2004); *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012) (providing [Plaintiff] must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" to state a class-of-one Equal Protection claim). To be considered similarly situated, the individual must be "*prima* facie identical in all relevant aspects." *Id.* at 1002. Plaintiff's Complaint does not demonstrate the existence of a similarly situated individual when alleging facts concerning Officer Neuman and Officer Zepeda. No one else, let alone a similarly situated individual, is identified in such allegations. *See* Plaintiff's Complaint, ¶ 35-38. Thus, Count III must be dismissed.

**<u>CONCLUSION</u>**.

WHEREFORE, Defendants pray this Honorable Court enters an order dismissing Counts I and III of Plaintiff's Complaint, with prejudice, against Defendants, and for any other relief deemed just and proper.

4

Respectfully submitted,

Andrew Neuman and Grayson Zepeda

By: /s/ *K. Austin Zimmer*
        One of their Attorneys

K. Austin Zimmer (#6276227)
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, Illinois 60402
P: (708) 222-7000
F: (708) 222-7001
zimmer@dlglawgroup.com

5