BC


**FILED**
1/20/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CVK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

### WESTERN DIVISION

**ROBERT SAM,**
Plaintiff,

v.

**OFFICER ANDREW NEUMAN, individually and in his official capacity,**
**OFFICER GRAYSON ZEPEDA, individually and in his official capacity,**
Defendants.

Case No. **25 CV 50338**

# PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

**EXHIBIT A**

Plaintiff Robert Sam, proceeding **pro se**, respectfully submits this Response in opposition to Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

# I. INTRODUCTION

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 alleging **First Amendment retaliation** and **Equal Protection violations** arising from Defendants' retaliatory and selective use of police authority. Plaintiff does **not** allege a generalized constitutional right to a police investigation. Rather, Plaintiff alleges that Defendants exercised their discretionary law-enforcement authority **against him**, while refusing to exercise that same authority **on his behalf**, in retaliation for Plaintiff's protected activity, including filing complaints with the Illinois Attorney General and pursuing civil litigation.

Plaintiff proceeds without counsel. As courts have long recognized, self-represented litigants face inherent difficulty navigating complex constitutional and procedural doctrines while attempting in good faith to comply with the Federal Rules of Civil Procedure. Plaintiff has made diligent efforts to plead his claims responsibly and to ground them in specific factual allegations supported by contemporaneous documentary evidence.

Defendants' Motion mischaracterizes the Complaint as asserting a "failure to investigate" claim. That framing ignores the substance of Plaintiff's allegations and improperly collapses distinct constitutional doctrines. When properly construed, the Complaint plausibly alleges that Defendants used police power **selectively and retaliatory**, thereby chilling Plaintiff's exercise of protected First Amendment activity and denying him equal protection of the laws.

At a minimum, and particularly at this early stage of the proceedings, any dismissal must be **without prejudice**, and Plaintiff must be granted leave to amend to clarify factual allegations already supported by record evidence.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). To survive dismissal, a complaint need only contain sufficient factual matter, accepted as true, to state a claim that is **plausible on its face**. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At this stage, the Court must accept all well-pleaded facts as true, draw all reasonable inferences in the plaintiff's favor, and refrain from weighing evidence or resolving

factual disputes. *Id.* Plausibility requires more than labels and conclusions, but it does not require proof. *Twombly*, 550 U.S. at 556.

## B. Pro Se Pleadings

Pro se pleadings are to be construed **liberally** and held to less stringent standards than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Seventh Circuit has emphasized that courts must read pro se complaints as a whole and interpret them to raise the strongest claims they reasonably suggest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

Dismissal with prejudice at the pleading stage is disfavored, particularly where amendment could cure any perceived deficiency. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015).

## C. Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the defendant deprived the plaintiff of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

There is no dispute that Defendants Neuman and Zepeda acted under color of state law. The sole issue is whether Plaintiff has plausibly alleged constitutional deprivations —an inquiry that must be resolved in Plaintiff's favor at this stage.

## III. DEFENDANTS MISCHARACTERIZE PLAINTIFF'S CLAIMS

Defendants' Motion repeatedly asserts that Plaintiff's claims fail because "there is no constitutional right to have police investigate or file charges." Plaintiff does not dispute that general proposition. However, Defendants' argument attacks a claim Plaintiff is **not** making.

Plaintiff does not allege that Defendants violated the Constitution merely by declining to investigate a complaint. Plaintiff alleges that Defendants **retaliated against him for engaging in protected First Amendment activity by selectively exercising police authority against him while refusing to exercise that authority on his behalf**, in coordination with private adversaries involved in ongoing litigation and Attorney General proceedings.

Courts have consistently recognized that while police possess broad discretion, that discretion may not be exercised **for retaliatory or discriminatory reasons**. See

*Hartman v. Moore*, 547 U.S. 250, 256 (2006). The Complaint alleges far more than inactivity—it alleges **affirmative, asymmetric enforcement** driven by retaliatory animus.

# IV. THE COMPLAINT PLAUSIBLY ALLEGES FIRST AMENDMENT RETALIATION

To state a First Amendment retaliation claim under § 1983, a plaintiff must allege:
(1) he engaged in protected First Amendment activity;
(2) he suffered an adverse action that would deter a person of ordinary firmness from continuing that activity; and
(3) the protected activity was a motivating factor in the adverse action. *Santana v. Cook Cnty. Bd. of Rev.*, 679 F.3d 614, 622 (7th Cir. 2012).

## A. Protected Activity

Plaintiff alleges that he engaged in protected activity by:

- filing complaints with the Illinois Attorney General;

- participating in Attorney General investigations;

- pursuing civil litigation against his landlord and associated attorneys; and

- reporting misconduct to law enforcement.

These activities are squarely protected by the First Amendment's Petition Clause.

## B. Adverse Action

Plaintiff alleges adverse action in the form of:

- Defendants' refusal to accept or pursue Plaintiff's criminal complaints, while

- simultaneously initiating and pursuing police investigations against Plaintiff based on complaints from the same private actors.

Selective enforcement and retaliatory investigation constitute adverse actions under Seventh Circuit precedent when they would deter a person of ordinary firmness from engaging in protected activity. See *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009).

## C. Causal Connection

The Complaint alleges close temporal proximity between Plaintiff's protected activity and Defendants' actions. Specifically:

- Plaintiff was told by Officer Zepeda that his complaint was a "civil matter" and redirected away from law enforcement;

- After Plaintiff engaged in Attorney General-related activity, Officer Neuman actively pursued allegations against Plaintiff, contacted prosecutors, and generated police reports;

- When Plaintiff sought enforcement against the same private actors for allegedly filing a false police report, Defendants refused.

At the pleading stage, temporal proximity and asymmetrical enforcement suffice to plausibly allege retaliatory motive. *Greer v. Amesqua*, 212 F.3d 358, 371 (7th Cir. 2000).

# V. THE COMPLAINT PLAUSIBLY ALLEGES EQUAL PROTECTION VIOLATIONS

Plaintiff also alleges a **class-of-one Equal Protection claim**, asserting that Defendants intentionally treated him differently from similarly situated individuals without a rational basis and out of retaliatory animus. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff alleges that:

- complaints against him were treated as criminal and investigated;

- complaints he brought against the same individuals were summarily dismissed as "civil"; and

- no rational basis existed for this differential treatment other than retaliatory animus.

At the pleading stage, Plaintiff is not required to identify every comparator with evidentiary precision. *Geinosky v. City of Chicago*, 675 F.3d 743, 748–49 (7th Cir. 2012). The allegations plausibly suggest intentional differential treatment motivated by illegitimate considerations.

**(Plaintiff recognizes that class-of-one Equal Protection claims are narrowly construed and pleads this claim in the alternative, subject to further factual development through amendment or discovery.)**

# VI. AT MINIMUM, DISMISSAL MUST BE WITHOUT PREJUDICE AND LEAVE TO AMEND GRANTED

Even if the Court concludes that additional factual clarity is required, dismissal with prejudice would be improper. Plaintiff can readily amend the Complaint to:

- expressly identify protected activity;

- clarify temporal sequencing;

- further specify comparators; and

- incorporate documentary evidence already referenced.

The Seventh Circuit has made clear that plaintiffs—especially pro se litigants—should be afforded an opportunity to amend unless amendment would be futile. *Runnion*, 786 F.3d at 519–20. Amendment here would not be futile and would serve the interests of justice.

# VII. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be **denied**. Alternatively, any dismissal should be **without prejudice**, and Plaintiff should be granted leave to amend.

Respectfully submitted,

**/s/ Robert Sam**
Robert Sam, Pro Se
639 Stonegate Dr.
Sycamore, Illinois 60178
Phone: 779-777-3265
Email: harpees5@yahoo.com