**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| ROBERT SAM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25 CV 50338 |
| | ) | |
| v. | ) | |
| | ) | |
| GREYSON SCOTT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RULE 12(b)(6) AMENDED MOTION TO DISMISS
PLAINTIFFS' COMPLAINT**

NOW COME Defendants, Andrew Neuman and Grayson Zepeda (Collectively "Sycamore Police Officers"), by and through their attorney, K. Austin Zimmer, and in support of their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), state:

**INTRODUCTION**

Plaintiff filed his complaint against various Sycamore Police Officers in their individual capacities, asserting claims under 42 U.S.C. §§ 1983 and 1985(3). On November 4, 2025, this Court entered an order after a preliminary review of this *pro-se* complaint dismissing all claims against previously named Officer Scott and Officer Lockhart, and dismissing the Fourth Amendment, conspiracy and *Monell* claims against all defendants. ***See* Order, Ex. A**. Currently, the only claims that remain are Plaintiff's First Amendment retaliation claim (Count I), Equal Protection claim (Count III), and claims brought under the Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504") (Count V) against Officers Neuman and Zepeda. *Id.* However, Plaintiff fails to sufficiently plead elements of all claims. Accordingly, the remaining counts in this lawsuit must be dismissed.

1

## FACTS ALLEGED

Plaintiff's Complaint arises out an alleged "multi-year campaign of harassment, retaliation, and selective enforcement" executed by Sycamore Police Officers to deprive Plaintiff of his constitutional rights. ***See* Plaintiff's Complaint, Ex. B.** Plaintiff alleged that this harassment began around 2021 to 2022 when Officer Scott charged Plaintiff with three felony counts. *Id.* at ¶ 14. He further alleges that the Sycamore Police Department ("SPD") made false statements in its police report, social media, and a news outlet claiming that Dekalb Elder Care had been called on Plaintiff. *Id.* at ¶ 16. Charges were eventually dropped against Plaintiff. *Id.* at ¶ 18. However, Plaintiff claims he was forced into an unwanted plea agreement under threat of harsher punishment. *Id.*

Plaintiff then makes several allegations concerning Sycamore Police Officers' failure to respond to calls concerning his landlord-tenant dispute. On May 23, 2023, Plaintiff filed a lawsuit against his landlord, Melissa Mobile, BKA Holdings, Attorney Riley Oncken, and Hometown Realty. *Id.* at ¶ 20. He alleges that the SPD created a hostile environment in his home during this landlord-tenant dispute by accompanying Mobile's workers and Oncken to his home. *Id.* at ¶ 21-23. He further alleges that SPD ignored his habitability complaints while responding promptly to Mobile's calls. *Id.* at ¶ 23. In 2024, Plaintiff claims that SPD ignored his reports of an entrapment attempt where Attorney Nicholas Cronaurer allegedly sent a neighbor to sell drugs to Plaintiff to cause a probation violation. *Id*. at ¶ 25-26. SPD allegedly ignored another report by Plaintiff when Cronauer sent another neighbor to provoke Plaintiff into a fight. *Id.* at ¶ 27-28. In April 2024, Plaintiff alleges that SPD failed to respond when a Dekalb Housing Authority inspector arrived at his home with Mobile's friend without his consent. *Id.* at ¶ 29. Then in

2

March and May 2025, SPD reportedly refused to respond to calls concerning Plaintiff's vehicle and fiancé being filmed by Mobile's family members. *Id.* at ¶ 31-34.

As relevant to Counts I and III, Plaintiff alleges that on August 8, 2025, Officer Neuman refused to press charges or take a report against Mobile or Cronauer for allegedly filing a false police report. *Id.* at ¶ 36. In their report, Mobile's associates allegedly claimed that Plaintiff sent a neighbor to Mobile's office. *Id.* at ¶ 35. Plaintiff alleges that Officer Neuman instead investigated Plaintiff over an unrelated email. *Id.* at ¶ 36. Plaintiff claims Officer Neuman's refusal to press charges or take a report against Mobile and Cronauer was done in retaliation for Plaintiff's lawsuits against Cronauer Oncken, and Judge Waller. *Id.* at ¶ 37. Plaintiff then alleged that Officer Zepeda refused to file his report against Mobile and Cronauer for criminal fraud. *Id.* at ¶ 38.

As to Count V, Plaintiff merely alleges that his wife suffers from multiple sclerosis, COVID immune deficiency, and Hashimoto's disease. *Id.* at ¶ 10. Additionally, his daughter suffers from epilepsy and double cortex syndrome. *Id.* at ¶ 11. Plaintiff alleges that "SPD knew of these disabilities" and "also knew eviction or instability would severely endanger the family' health." *Id.* ¶ 12-13. Plaintiff does not otherwise allege any additional facts related to the foregoing.

## **LEGAL STANDARD – Fed. R. Civ. P. 12(b)(6)**

A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) when the complaint fails to state a claim upon which relief may be granted. To survive a motion to dismiss under Rule 12(b)(6) the complaint must: (1) assert a plausible claim; and (2) set forth sufficient factual allegations to support that claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

3

on its face.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A claim is plausible on its face when the plaintiff pleads sufficient facts to allow the court to draw a reasonable inference that the defendant is liable under the alleged claim. *Id.* (citing *Twombly*, 550 U.S. at 556). Even if the court determines the factual allegations to be plausible, the alleged facts must also plausibly entitle the plaintiff to relief. *Id.*

## ARGUMENT

### I.  Plaintiff has not sufficiently pled elements of his First Amendment retaliation claim.

To bring a §1983 First Amendment retaliation claim, Plaintiff must allege that (1) he engaged in constitutionally protected activity; (2) he suffered an adverse action that would likely deter future First Amendment activity; and (3) the protected activity was at least a motivating factor in the defendants' decision to take retaliatory action. *Santana v. Cook Cnty. Bd. of Rev.,* 679 F.3d 614, 622 (7th Cir. 2012). Per *Twombly*, this means Plaintiff cannot state a claim for retaliation unless he identifies his protected conduct and includes facts demonstrating that his claim is supported by more than mere speculation. *Marshall v. Lentini*, No. 1:24-CV-08425, 2025 WL 2765738, at *5 (N.D. Ill. Sept. 26, 2025).

#### A.  PLAINTIFF HAS NOT DEMONSTRATED THAT HE ENGAGED IN A CONSTITUTIONALLY PROTECTED ACTIVITY.

While it can be assumed that the protected conduct at issue is Plaintiff's exercise of his right to petition the government under the First Amendment, it is unclear what protected activity Plaintiff actually engaged in. Plaintiff alleges that Officer Neuman refused to file his police reports against his Landlord Mobile or Attorney Cronauer in retaliation for Plaintiff's lawsuits against Attorney Cronauer, Attorney Oncken, and Judge Waller. *See Plaintiff's Complaint*, ¶ 36-37. Plaintiff further alleges Officer Zepeda refused to file the Plaintiff's complaint against Mobile and Cronauer for criminal fraud, but does not allege that this refusal was in retaliation at

4

all. *Id.* at 38. Plaintiff's Complaint is entirely void of language that expressly identifies the constitutionally protected activity he engaged in for purposes of pleading his First Amendment retaliation claim.

### B. PLAINTIFF HAS FAILED TO DEMONSTRATE THAT HE SUFFERED AN ADVERSE ACTION THAT WOULD LIKELY DETER FUTURE FIRST AMENDMENT ACTIVITY.

Assuming that Plaintiff is claiming that he exercised his right to petition the government for a redress of grievances – i.e. filing his lawsuit against his landlord, attorneys, and Judge Waller, Plaintiff has failed to demonstrate any adverse action that would deter him from filing future lawsuits. The First Amendment protects the rights of individuals to seek legal redress for claims that have a reasonable basis in law and fact. *Rossi v. City of Chicago*, 790 F.3d 729, 734 (7th Cir. 2015) However, individuals do not have a constitutional right to have the police investigate and process their complaints. *Verrecchia v. Vill. of Elmwood Park*, No. 16 C 0397, 2016 WL 3612117, at *5 (N.D. Ill. July 6, 2016). Here, the allegedly adverse action is Officer Neuman and Officer Zepeda's mere refusal to file his reports and thereby process Plaintiff's complaints. Plaintiff has no constitutional right to have his police complaints "filed", which entirely defeats his § 1983 claim. *Vazquez v. Vill. of Bensenville*, 22 F. Supp. 3d 861, 866 (N.D. Ill. 2014) (stating that a plaintiff must demonstrate that the defendant's activity deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States to sufficiently plead a claim under §1983).

### C. PLAINTIFF HAS FAILED TO PLEAD THAT HIS PROTECTED ACTIVITY WAS A MOTIVATING FACTOR IN THE DEFENDANTS' CONDUCT.

Beyond failing to identify any protected activity, Plaintiff's futile attempt at demonstrating a nexus between his protected activity and Officer's refusal to file his police

5

reports relies upon purely speculative allegations. *Twombly* requires that a complaint contain sufficient factual matter to state a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 570. Such factual allegations must be enough to raise a right to relief above the speculative level. *Id.* at 555. Assuming Plaintiff is alleging that his protected activity was filing his lawsuit, Plaintiff has provided no factual allegations to support the conclusion that Officer Neuman and Zepeda decided not to file his police reports with an intent to chill his right to petition the government for grievances. The parties involved in Plaintiff's lawsuit are entirely unrelated to Officer Neuman and Zepeda; thus, it would be illogical to draw the inference that Plaintiff's lawsuit was a motivating factor in their decision to refuse to file Plaintiff's reports. Plaintiff's Complaint does not demonstrate any connection between the filing of his lawsuit and the involvement of Officer Neuman or Zepeda to suggest that the lawsuit motivated their conduct. Thus, Count I must be dismissed.

**II.     Plaintiff has not sufficiently pled elements of his § 1983 Equal Protection claim.**

To state a traditional equal protection claim, a § 1983 plaintiff must allege that a state actor purposefully discriminated against him because of his identification with a particular group– typically a historically disadvantaged group. *Farrar v. City of Chicago,* 291 F. Supp. 2d 747, 752 (N.D. Ill. 2003). Alternatively, a plaintiff may state a "class of one" equal protection claim by alleging that the governmental body treated similarly situated individuals differently. *Id*. To then state a "class-of-one" equal protection claim, Plaintiff must allege that (1) he has been intentionally treated differently from others similarly situated and (2) that there is no rational basis for the difference in treatment or the cause of the differential treatment is a "totally illegitimate animus" toward the plaintiff by the defendant. *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). Plaintiff does not successfully plead his Equal Protection claim under either basis.

## A. TRADITIONAL EQUAL PROTECTION CLAIMS

Plaintiff has not pled that Officers purposefully discriminated against him because of his identification with a particular group to successfully make out a traditional Equal Protection claim. The Court's reasoning in *Farrar* is instructive here. In that case a pro se African American plaintiff alleged that police discriminated against her by refusing to investigate threats against her because of her race and class, and previous lawsuit against the city. *Farrar v. City of Chicago*, 291 F. Supp. 2d 747, 752 (N.D. Ill. 2003). Unlike the instant case, the former lawsuit at issue was against the defendants in the current matter. The court reasoned that plaintiff's complaint was sufficient to state a claim under § 1983 for violation of equal protection because of her membership to a particular race and class. *Id*. Here, no such allegation that Plaintiff was denied equal protection based on his belonging to a particular group has been made.

## B. CLASS-OF-ONE EQUAL PROTECTION CLAIMS

Plaintiff has not demonstrated he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment to support a "class-of-one" equal protection claim. Where a Plaintiff does not claim affiliation with a particular group, a plaintiff must demonstrate that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment to support is equal protection claim. 291 F. Supp. 2d at 752.

The Seventh Circuit has recognized that establishing the existence of a similarly situated individual in the context of class of one equal protection claims is a high burden and has routinely dismissed such actions. *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1003 (7th Cir. 2004). The court in *McDonald* dismissed a § 1983 claim against the Village of Winnetka and fire personnel, alleging violations of plaintiff's equal protection rights in connection with the investigation of a

7

fire at his home. *Id.* at 992. The court reasoned that the homeowner failed to identify someone similarly situated but treated differently to support his § 1983 Equal protection claim.

Similarly, Plaintiff here has failed to identify someone similarly situated but treated differently. To be considered "similarly situated," comparators must be "*prima facie* identical in all relevant respects." *Id.* at 1002. Nothing in Plaintiff's allegations against Officer Neuman and Officer Zepeda specifically indicates that someone similarly situated was treated differently. Rather Plaintiff baselessly complains about their refusal to press charges or file his report against Mobile and Cronauer. *See Plaintiff's Complaint,* ¶ 36-38. Furthermore, Plaintiff has otherwise not provided any demonstration that there is no rational basis for the refusal to file his reports. Accordingly, Count III must be dismissed.

### III. Plaintiff fails to plead his First and Fourteenth Amendment claims under § 1983 because he fails to demonstrate that Officers' conduct deprived him of a constitutional right, privilege or immunity.

Beyond the specific legal deficiencies in Counts I and III, Plaintiff broadly fails to establish that the Officers' decisions to not file his police reports deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States to bring either claim under § 1983. In order to successfully state a claim under § 1983, a plaintiff must plead two elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the activity deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Case v. Milewski,* 327 F.3d 564, 566 (7th Cir. 2003).

It is well established that mere inactivity by police does not give rise to a constitutional claim for which the police can be held liable under § 1983. *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015). In *Rossi*, the Seventh Circuit dismissed a § 1983 action where the plaintiff alleged that a detective's failure to investigate did not deny him the constitutional right to judicial

8

access. *Id.* at 732. There, the plaintiff was assaulted by several persons and sued the detective who was assigned to investigate the matter for allegedly completing no work on the case and then eventually closing his investigation. *Id.* The court dismissed his complaint reasoning that any failure of the police detective to investigate Plaintiff's assault report, even if proven, did not deny Plaintiff the right to judicial access under the First and Fourteenth Amendments. *Id.* at 729.

The instant case is factually similar. Like the plaintiff in *Rossi*, Plaintiff brings forth his First and Fourteenth Amendment claims under § 1983 for the Officers' mere inaction. The only allegations against Officer Neuman and Officer Zepeda are that they refused to file Plaintiff's reports against his landlord, attorneys, and Judge Waller. *Id.* at ¶ 36-38. As previously stated, individuals do not have a constitutional right to have police process their complaints or investigate their claims. *Verrecchia v. Vill. of Elmwood Park,* No. 16 C 0397, 2016 WL 3612117, at \*5 (N.D. Ill. July 6, 2016). Plaintiff is free to pursue legal redress at any time. As such, Plaintiff is asserting a claim under § 1983 without identifying a constitutional right he has been deprived of by a state actor. Thus, Counts I and III must be dismissed.

**IV.     Plaintiff fails to plead viable claims under the ADA and Section 504.**

Title II of the ADA prohibits public entities from discriminating against individuals with disabilities. 42 U.S.C. § 12132 (2018) ("no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity"). Similarly, Section 504 provides, in relevant part: "No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C. § 794(a). Under both statutes,

9

individuals are not proper defendants, and Plaintiff nevertheless fails to plead the essential elements of either claim. As such, Count V must be dismissed with prejudice.

### A. INDIVIDUAL OFFICERS ARE NOT PROPER DEFENDANTS UNDER THE ADA OR SECTION 504.

There is no basis for personal liability under the ADA or Section 504. Beyond the language of both statues expressly identifying the proper defendants for said claims, e.g., "any *public entity*" in Title II of the ADA and "any *program* or *activity* receiving Federal financial assistance" under Section 504, the Seventh Circuit has clarified this general rule. 42 U.S.C. § 12132 (2018); 29 U.S.C. § 794(a) (emphasis added). In *Stanek*, the Seventh Circuit affirmed the dismissal of an action brought under the ADA and Section 504 against a school district, administrators, directors, and teachers in their official capacities. *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 634 (7th Cir. 2015). Citing the holdings of several courts, the Court reasoned that both statutes are nearly identical and maintain no basis for personal liability. *Id.* at 644. Here, Plaintiff similarly asserts his claims against multiple individual officers in their official capacities. (**Ex. B**). Consistent with the general rule followed in the Seventh Circuit, Count V must be dismissed.

### B. PLAINTIFF FAILS TO PLEAD HIS CLAIMS UNDER THE ADA AND SECTION 504 BECAUSE HE HAS NOT SUFFICIENTLY PLED ELEMENTS OF EITHER CLAIM.

Claims brought under the ADA and Section 504 are functionally identical. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). To establish a violation of Title II of the ADA, Plaintiff must "prove that he is a 'qualified individual with a disability,' that he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was 'by reason of' his disability." *Id.* Likewise, under Section 504, Plaintiff must allege "(1) he is a qualified person (2) with a disability and (3) the [state agency] denied him access to a program or activity because of

his disability." *Id.* Under both statues, Plaintiff must prove that Defendant *intentionally* discriminated against him for his disability. *CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014). However, Section 504 further requires that Plaintiff establish that Defendants are in receipt of federal funds. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012).

Plaintiff does not allege that (1) *he* is a qualified person (2) with a disability to plead elements of either claim. Rather plaintiff alleges that his "wife suffers from multiple sclerosis, CVID (*sic*) immune deficiency, and Hashimoto's disease" and that his daughter "suffers from severe epilepsy and double cortex syndrome" (Ex. B, ¶¶ 10-11). Plaintiff's wife and daughter are not plaintiffs in this matter and Plaintiff has not otherwise asserted any facts alleging that *he* is a qualified person with a disability. Furthermore, nowhere in his Complaint, does Plaintiff allege that he was denied a service or participation in a program or activity by reason of his disability. Plaintiff merely claims that SPD knew of his wife and daughter's disabilities and "also knew eviction or instability would severely endanger the family's health." (Ex. B, ¶¶ 12-13). These allegations are remote from his allegations that Officer Neuman and Officer Zepeda refused to file his reports against his landlord, attorneys, and Judge Waller. *Id.* at ¶ 36-38. While Plaintiff alleged that officers refused to file charges on his behalf, he does not allege that they have intentionally refused to offer such service because of his disability.

For purposes of pleading his Section 504 claim, Plaintiff is also required to allege the existence of a program receiving federal funding. In relevant part, Section 504 defines a program receiving federal financial assistance as: "all of the operations of ... the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a

11

State or local government." 29 U.S.C. § 794(b). Here, Plaintiff does not allege the existence of a program receiving federal funding that he was purportedly denied participation from. Accordingly, he necessarily fails to allege elements of his claims under the ADA and Section 504. Thus, Count V must be dismissed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants pray that this Honorable Court enters an order granting their motion and dismissing Counts I, III, and V of Plaintiffs' Complaint, with prejudice, pursuant to Fed. R. Civ. P. Rule 12(b)(6), and for any and all such other relief as this Court deems equitable and just.

Respectfully submitted,

By: */s/ K. Austin Zimmer*
One of its Attorneys

K. Austin Zimmer (6276227)
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, Illinois 60402
P: (708) 222-7000
zimmer@dlglawgroup.com

12