

FILED

CVK

3/30/2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION**

**ROBERT SAM,**

Plaintiff,

v.

**OFFICER ANDREW NEUMAN, individually and in his official capacity, OFFICER GRAYSON ZEPEDA, individually and in his official capacity,**
Defendants.

Case No. **25 CV 50338**

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' AMENDED RULE 12(b)(6) MOTION TO DISMISS

Plaintiff Robert Sam, proceeding pro se, respectfully submits this Response in Opposition to Defendants' Amended Motion to Dismiss.

# I. INTRODUCTION

Defendants' Amended Motion again attempts to recast Plaintiff's claims as nothing more than a complaint about

police inaction. That is not what the Complaint alleges. Plaintiff does not assert a free-standing constitutional right to have police investigate every complaint or file charges on demand. Rather, the Complaint alleges that Defendants used police authority selectively and asymmetrically: they acted against Plaintiff, entertained and pursued allegations against Plaintiff, and yet refused to exercise the same authority when Plaintiff presented complaints and evidence against the same private actors. Plaintiff further alleges that this unequal and adverse treatment occurred because of Plaintiff's protected activity, including litigation and complaints to government authorities.

At the pleading stage, the Court must construe the Complaint liberally, accept the factual allegations as true, and draw reasonable inferences in Plaintiff's favor. A pro se complaint need not be artfully drafted to survive dismissal where it gives fair notice of the claim and the grounds upon which it rests. Defendants' motion asks the Court to demand evidentiary detail and perfect pleading precision far beyond what Rule 8 requires.

Defendants' motion also relies heavily on the premise that there is no constitutional right to have police investigate or process a complaint. Plaintiff does not dispute that general principle. However, that argument mischaracterizes the claim presented in the Complaint. Plaintiff alleges that Defendants exercised police

authority selectively and asymmetrically—pursuing allegations against Plaintiff while refusing to exercise the same authority on Plaintiff's behalf in disputes involving the same private actors. Such selective or retaliatory enforcement, when motivated by protected activity, may give rise to liability under 42 U.S.C. § 1983. See *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Geinosky v. City of Chicago*, 675 F.3d 743, 747–49 (7th Cir. 2012). Properly read, the Complaint plausibly alleges:

1.  protected First Amendment activity;

2.  adverse retaliatory action in the form of selective and asymmetric police conduct; and

3.  irrational, unequal treatment sufficient at minimum to proceed past Rule 12(b)(6), or alternatively to permit amendment rather than dismissal with prejudice.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. To survive dismissal, a complaint need only contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint need not prove the case at the pleading stage. It must simply give fair notice of the claim and the factual basis for it. *Johnson v. City of Shelby*, 574 U.S. 10, 11–12 (2014). This is especially true where the plaintiff proceeds pro se. Pro se pleadings are to be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Further, the Seventh Circuit has made clear that dismissal with prejudice at the pleading stage is strongly disfavored where amendment could cure any perceived deficiency. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015).

The Supreme Court has further emphasized that federal pleading rules do not require a plaintiff to set out detailed legal theories or precise technical formulations at the pleading stage. In *Johnson v. City of Shelby*, the Court explained that a complaint should not be dismissed merely because it fails to cite the correct legal theory where the factual allegations plausibly suggest a constitutional violation. 574 U.S. 10, 11–12 (2014). Consistent with that principle, courts must focus on whether the facts alleged give fair notice of the claim and allow a reasonable inference of liability, rather than demanding technical perfection in the pleading of legal elements.

# III. DEFENDANTS MISCHARACTERIZE THE COMPLAINT

Defendants repeatedly argue that Plaintiff has no constitutional right to have police investigate complaints or file charges. That general proposition does not resolve this motion because it attacks a claim Plaintiff is not making.

Plaintiff's theory is not a generalized "failure to investigate" claim. The Complaint alleges retaliatory and selective use of police authority. Specifically, Plaintiff alleges that Defendants refused to accept or pursue Plaintiff's complaints against Mobile and Cronauer, while at the same time pursuing allegations against Plaintiff or treating accusations against Plaintiff as criminally actionable. In other words, Plaintiff alleges not mere inaction, but asymmetric and retaliatory enforcement.

That distinction matters. While police possess discretion, that discretion may not be exercised for retaliatory or arbitrary reasons that burden protected First Amendment activity or deny equal protection. See *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Geinosky v. City of Chicago*, 675 F.3d 743, 747–49 (7th Cir. 2012).

Defendants' motion therefore fails at the outset because it reframes the Complaint into a weaker claim Plaintiff did not plead.

# IV. COUNT I STATES A PLAUSIBLE FIRST AMENDMENT RETALIATION CLAIM

To state a First Amendment retaliation claim under § 1983, a plaintiff must allege that:
(1) he engaged in protected activity;
(2) he suffered a deprivation likely to deter future protected activity; and
(3) the protected activity was at least a motivating factor in the defendant's action. *Bridges*, 557 F.3d at 546; *Santana v. Cook County Board of Review*, 679 F.3d 614, 622 (7th Cir. 2012).

Plaintiff's Complaint plausibly alleges each element.

## A. The Complaint adequately alleges protected activity.

Defendants argue that Plaintiff did not expressly identify the constitutionally protected activity at issue. But the Complaint, read as a whole and with the liberal construction required for pro se pleadings, plainly identifies it. Plaintiff alleges that he engaged in lawsuits, complaints to government authorities, and other efforts to petition government for redress of grievances. The Petition Clause protects such activity. See *Bridges*, 557 F.3d at 551–52.

Defendants improperly isolate a few paragraphs and ignore the Complaint's broader factual context. Rule 8 does not require a pro se litigant to place a label next to each fact and separately announce "this is protected activity." What matters is whether the Complaint gives fair notice of the conduct at issue. It does. *Johnson*, 574 U.S. at 11–12.

To the extent Defendants argue Plaintiff did not plead the element with sufficient technical precision, that is not a basis for dismissal with prejudice. At most, it would justify leave to amend. *Runnion*, 786 F.3d at 519–20.

## B. The Complaint adequately alleges adverse action.

Defendants also argue that Plaintiff cannot show adverse action because he had no constitutional right to demand that police file his report. Again, that misstates the claim.

The adverse action alleged here is not merely that officers declined to complete paperwork. Plaintiff alleges that Defendants selectively exercised police authority against him while refusing to exercise that same authority on his behalf, despite his submission of complaints and evidence concerning the same adversarial actors. Such asymmetric treatment, if motivated by retaliation, can deter a person of ordinary firmness from continuing to petition the government, pursue litigation, or report misconduct.

The Seventh Circuit does not require a plaintiff at the pleading stage to show that he was literally barred from ever speaking again. The test is whether the governmental action would likely deter future protected activity. *Bridges*, 557 F.3d at 552; *Santana*, 679 F.3d at 622.

A reasonable person could be chilled by allegations that police would entertain accusations against him, pursue allegations against him, or treat his adversaries' complaints as worthy of criminal scrutiny, while dismissing his own complaints as nonactionable. That is enough to plausibly allege adverse action at this stage.

## C. The Complaint plausibly alleges retaliatory motive.

Defendants next argue that Plaintiff has not plausibly alleged that his protected activity motivated Defendants' conduct. But at Rule 12(b)(6), Plaintiff need not prove retaliatory intent; he need only allege facts permitting a reasonable inference of it. *Iqbal*, 556 U.S. at 678.

That is what the Complaint does. Plaintiff alleges a pattern of police conduct in which his adversaries' accusations were treated seriously while his own complaints were refused, minimized, or redirected. He also alleges that this occurred against the backdrop of his litigation and complaints involving Mobile, Cronauer, and related matters. Taken together and read in Plaintiff's

favor, those allegations plausibly support an inference that Defendants' conduct was not neutral, but retaliatory.

At the pleading stage, chronology, surrounding circumstances, and asymmetric conduct may support an inference of retaliatory motive. *Bridges*, 557 F.3d at 546. Defendants' insistence on more is an attempt to convert Rule 12(b)(6) into summary judgment.

## D. Rossi does not defeat Plaintiff's claim.

Defendants rely on *Rossi v. City of Chicago*, 790 F.3d 729 (7th Cir. 2015), but that case does not compel dismissal here. *Rossi* rejected a theory based on mere failure to investigate and denial of access to courts. Plaintiff's claim is different. Plaintiff alleges retaliatory and selective use of police authority, not simple nonfeasance untethered to retaliatory motive.

That distinction is critical. Plaintiff's theory is that Defendants acted unevenly and adversely because of his protected conduct. *Rossi* does not hold that police may selectively target one side of a dispute, refuse the other side, and escape scrutiny merely by labeling the conduct "discretion."

# E. Selective Enforcement and Asymmetric Exercise of Police Authority Support Plaintiff's Claims

Courts have long recognized that while law enforcement officers possess discretion in deciding whether to investigate or pursue complaints, that discretion may not be exercised in an arbitrary, retaliatory, or discriminatory manner.

The Seventh Circuit has repeatedly held that selective enforcement can violate the Constitution when government officials intentionally treat one individual differently from others for illegitimate reasons. See **Geinosky v. City of Chicago**, 675 F.3d 743, 747–48 (7th Cir. 2012); **Village of Willowbrook v. Olech**, 528 U.S. 562, 564 (2000).

Here, Plaintiff does not merely allege that police declined to investigate a complaint. Instead, Plaintiff alleges that Defendants exercised police authority asymmetrically by:

• pursuing allegations made against Plaintiff,
• treating accusations against Plaintiff as criminally actionable, while
• refusing to accept or pursue Plaintiff's complaints against the same private actors.

This type of uneven and selective use of police authority can support both First Amendment retaliation and Equal Protection claims. When government officials respond aggressively to accusations against a citizen but dismiss that citizen's own complaints involving the same

adversaries, the resulting asymmetry may plausibly suggest arbitrary or retaliatory enforcement.

At the pleading stage, courts must draw reasonable inferences in the plaintiff's favor. **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009). The pattern alleged in the Complaint — accepting accusations against Plaintiff while rejecting his complaints concerning the same dispute — permits the reasonable inference that Defendants' conduct was not neutral enforcement discretion but selective and retaliatory treatment.

Accordingly, Plaintiff has plausibly alleged that Defendants exercised police authority selectively and arbitrarily in a manner that burdens Plaintiff's First Amendment rights and denies him equal protection of the laws.

## V. COUNT III PLAUSIBLY STATES A CLASS-OF-ONE EQUAL PROTECTION CLAIM

The Equal Protection Clause protects individuals from arbitrary and intentionally different treatment by government actors. A plaintiff may bring a traditional equal protection claim based on membership in a protected class, or a **"class-of-one"** claim when a government actor intentionally treats the plaintiff

differently from others similarly situated without a rational basis.

The Supreme Court recognized the viability of class-of-one claims in **Village of Willowbrook v. Olech**, 528 U.S. 562, 564 (2000), holding that a plaintiff may state an Equal Protection claim by alleging that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."

The Seventh Circuit has repeatedly applied this principle. See **Geinosky v. City of Chicago**, 675 F.3d 743, 747 (7th Cir. 2012); **McDonald v. Village of Winnetka**, 371 F.3d 992, 1001 (7th Cir. 2004).

Defendants argue that Plaintiff failed to identify a comparator and therefore cannot state a class-of-one claim. That argument misstates the pleading burden at this stage.

## A. A Plaintiff Need Not Identify Exact Comparators at the Pleading Stage

The Seventh Circuit has made clear that plaintiffs are not required to identify precise comparators at the pleading stage where the alleged pattern of conduct itself suggests arbitrary targeting.

In **Geinosky**, the Seventh Circuit allowed a class-of-one claim to proceed where a motorist alleged that police repeatedly issued baseless parking tickets against him. The court explained that the plaintiff was not required to identify identical comparators because the alleged pattern of irrational and arbitrary conduct itself plausibly suggested intentional differential treatment. **Geinosky v. City of Chicago**, 675 F.3d 743, 747-48 (7th Cir. 2012).

The same principle applies here. Plaintiff alleges that:

• complaints against him were treated as criminally actionable;
• complaints he brought against the same individuals were refused or dismissed as "civil matters"; and
• police authority was exercised asymmetrically against him.

Those allegations plausibly suggest that Plaintiff was intentionally singled out for different treatment.

At the pleading stage, that is sufficient.

## B. The Complaint Plausibly Alleges Irrational and Arbitrary Treatment

A class-of-one claim requires the plaintiff to allege that the differential treatment lacked a rational basis or was motivated by illegitimate animus. **Olech**, 528 U.S. at 564.

Here, Plaintiff alleges that the officers:

• refused to accept his complaints regarding alleged criminal conduct,
• while simultaneously pursuing allegations against him originating from the same adversarial parties.

When government actors treat one side of a dispute as presumptively criminal while dismissing the other side's complaints without investigation, that asymmetry plausibly suggests arbitrary enforcement.

Courts routinely recognize that selective enforcement motivated by animus or retaliation can support both First Amendment and Equal Protection claims. See **Geinosky**, 675 F.3d at 747; **Olech**, 528 U.S. at 564.

Defendants' insistence on evidentiary proof of comparators improperly attempts to impose a summary-judgment burden at the pleading stage.

Accordingly, Count III plausibly alleges a class-of-one equal protection violation.

# VI. COUNT V SHOULD NOT BE DISMISSED WITH PREJUDICE

Defendants next argue that Plaintiff's claims under Title II of the Americans with Disabilities Act ("ADA") and

Section 504 of the Rehabilitation Act must be dismissed because:

1. individual officers are not proper defendants, and

2. Plaintiff himself is not disabled.

Even assuming Defendants are correct that the current pleading contains deficiencies, dismissal **with prejudice** would be improper at this stage.

## A. Leave to Amend Must Be Granted Where Amendment Could Cure a Defect

The Seventh Circuit has repeatedly held that dismissal with prejudice at the pleading stage is inappropriate where amendment could cure the alleged defect.

In **Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago**, the Seventh Circuit held that district courts should generally permit amendment before dismissing a complaint with prejudice, particularly when the plaintiff proceeds pro se.
**786 F.3d 510, 519-20 (7th Cir. 2015).**

Even if the Court concludes that the ADA and Rehabilitation Act claims were not properly pled against individual officers, amendment could readily address that issue by:

• clarifying the proper public entity defendant, or

• clarifying the nature of the alleged discrimination.

Thus, dismissal with prejudice would be improper.

## B. The Complaint Should Be Liberally Construed

The Supreme Court has consistently emphasized that **pro se pleadings must be liberally construed**. **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972).

Courts must read pro se complaints to raise the strongest claims they reasonably suggest. **Erickson v. Pardus**, 551 U.S. 89, 94 (2007).

To the extent the Court determines that additional factual allegations are required to support the ADA or Rehabilitation Act claims, Plaintiff respectfully requests leave to amend the Complaint to clarify those allegations.

Even if the Court concludes that Plaintiff has not fully pled the technical elements of the ADA or Section 504 claims, dismissal with prejudice would be improper. Courts routinely allow amendment where a pro se litigant could cure pleading deficiencies by clarifying the proper public entity defendant or by providing additional factual allegations concerning the denial of services or discriminatory conduct. See *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015). Accordingly, Plaintiff

respectfully requests that any dismissal of Count V be **without prejudice and with leave to amend**.

## C. Plaintiff Can Cure Any Alleged Defect and States a Plausible ADA / Rehabilitation Act Claim

Plaintiff respectfully submits that, even if the Court finds the current pleading deficient, the deficiencies identified by Defendants are readily curable and do not warrant dismissal with prejudice.

First, Defendants argue that individual officers are not proper defendants under Title II of the ADA. While it is true that ADA claims must be brought against a public entity rather than individual officers, this is not a basis for dismissal with prejudice. The Seventh Circuit has made clear that such defects are properly addressed through amendment. See Jaros v. Illinois Department of Corrections.

Second, Defendants argue that Plaintiff is not disabled. However, Plaintiff's claims are not limited to his own disability status. The ADA and Rehabilitation Act also prohibit discrimination based on association with a disabled individual. The Seventh Circuit has recognized that a plaintiff may bring a claim where he is harmed due to his relationship with a disabled person. See Novak v. Board of Trustees of Southern Illinois University.

Here, Plaintiff's Complaint arises in the context of his efforts to protect and advocate for his disabled family members, including his wife and daughter. Plaintiff alleges that Defendants refused to provide equal access to police services and protections in circumstances involving those disabilities.

Courts have further recognized that police services fall within the scope of "services, programs, or activities" covered by Title II of the ADA. See Bircoll v. Miami-Dade County. Accordingly, a refusal to provide equal access to law enforcement services may form the basis of an ADA claim.

Additionally, claims under Section 504 of the Rehabilitation Act are analyzed under the same framework as ADA claims. See Wagoner v. Lemmon.

At minimum, Plaintiff can amend the Complaint to:

- identify the proper public entity defendant;
- clarify the disability status of affected individuals; and
- further allege that Defendants denied services or treated Plaintiff differently because of disability or his association with disabled persons.

Under well-established Seventh Circuit precedent, such curable deficiencies require leave to amend rather than dismissal with prejudice. See Runnion, 786 F.3d at 519–20.

# VII. DISMISSAL WITH PREJUDICE WOULD BE IMPROPER

Defendants ask the Court to dismiss Plaintiff's claims **with prejudice**, but that request ignores well-established Seventh Circuit precedent.

Even where a complaint is found deficient, courts ordinarily grant leave to amend unless amendment would be futile. **Runnion**, 786 F.3d at 519-20.

Here, amendment would clearly not be futile.

Plaintiff could easily amend the Complaint to:

• further identify protected First Amendment activity;
• clarify the chronology of retaliatory conduct;
• provide additional details concerning differential treatment; and
• clarify the ADA and Rehabilitation Act allegations.

Because the Federal Rules favor resolving cases on the merits rather than technical pleading defects, dismissal with prejudice would be inappropriate.

I am not a lawyer, I am doing my best to fight to prove what was done to me and my family. The legal syestem is not at all easy to maneuver to be able to be heard and show what happened. These cops went out of there way to help Nicholas Cronauer and Melissa Mobile. The police report proves this without any doubt. They chose not to help me, they chose not to investigate my claims because all along the where working to help mobile and Cronauer get rid of my family and evoke a OP violation. This game playing and dancing around is rediculous. The police report itself shows when Cronauer a private attorney ordered the officer to not close his police report, he obeyed. When I asked to file the same exact charges this officer said no, period.

# VIII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **DENY Defendants' Amended Motion to Dismiss**; or

2. In the alternative, **deny dismissal with prejudice and grant Plaintiff leave to amend the Complaint.**

Respectfully submitted,

**/s/ Robert Sam**
Robert Sam
Plaintiff, Pro Se

3/25/26