**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ROBERT SAM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25 CV 50338 |
| | ) | |
| v. | ) | |
| | ) | |
| GREYSON SCOTT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF ITS AMENDED RULE 12(b)(6)**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COME Defendants, Andrew Neuman ("Officer Neuman") and Grayson Zepeda ("Officer Zepeda") (collectively "Sycamore Police Officers"), by and through their attorney, K. Austin Zimmer, and state the following as their Reply to Plaintiff's Response in Opposition to their Motion to Dismiss:

**INTRODUCTION**

The only counts that remain against Sycamore Police Officers are Plaintiff's First Amendment Retaliation claim (Count I), Equal Protection claim (Count III), and claims brought under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504") (Count V). As relevant to Counts I and III, Plaintiff alleges that Sycamore Police Officers refused to file charges on his behalf, while pursuing charges against him. ***See* Complaint, Ex. A, ¶¶ 35-38**. In Count V, Plaintiff alleges that his wife and daughter, who are not plaintiffs in this matter, suffer conditions that the Sycamore Police Department was aware of. (**Ex. A, ¶¶ 10-13**). However, Plaintiff's Complaint fails to sufficiently plead elements of all claims and Defendants' Motion to Dismiss should be granted with prejudice.

1

## ARGUMENT

**I. PLAINTIFF'S COMPLAINT HAS NOT SUFFICIENTLY PLED FIRST AMENDMENT RETALIATION (COUNT I)**

**A. Sycamore Police Officers have not mischaracterized Plaintiff's First Amendment Retaliation claim.**

In his Response, Plaintiff claims that Sycamore Police Officers have mischaracterized his First Amendment Retaliation claim by contending that his Complaint concerns their refusal to investigate or file charges on his behalf. Despite this contention, Plaintiff's Complaint does not contain sufficient factual matter alleging "retaliatory and selective use of police authority" to infer otherwise. *See* **Ex. A; Plaintiff's Response, Ex. B, p. 5.** Plaintiff concedes that he is required to allege facts permitting a reasonable inference that his protected activity motivated the retaliatory conduct of Sycamore Police Officers. (**Ex. B, p. 8**). However, as discussed below, the Plaintiff's Complaint does not contain sufficient facts to form a reasonable inference of retaliatory motive to support his First Amendment Retaliation claim. Accordingly, Count I must be dismissed.

**B. Plaintiff has not pled essential elements of his First Amendment Retaliation claim.**

Plaintiff's Complaint fails to demonstrate that his litigation activity with Nicholas Cronauer, Riley Oncken, and Judge Waller was a motivating factor in Sycamore Police Officers' refusal to file charges on his behalf. (**Ex. A, ¶¶ 35-38**). To state a claim for First Amendment Retaliation, Plaintiff must allege that (1) he engaged in constitutionally protected activity; (2) he suffered an adverse action that would likely deter future First Amendment activity; and (3) the protected activity was at least a motivating factor in the defendants' decision to take retaliatory action. *Santana v. Cook Cnty. Bd. of Rev.,* 679 F.3d 614, 622 (7th Cir. 2012). In his Response, Plaintiff contends that "[t]he pattern alleged in the Complaint — accepting accusations against Plaintiff while rejecting his complaints concerning the same dispute — permits the reasonable

2

inference that Defendants' conduct was not neutral enforcement discretion but selective and retaliatory treatment." (**Ex. B, p. 11**). However, Plaintiff cites no authority to suggest this conduct alone, i.e., filing a police report on behalf of one party and not another, is enough to plead elements of a First Amendment Retaliation claim.

Plaintiff's Complaint specifically fails to plead the third element of First Amendment Retaliation–that is, that his litigation history, which Sycamore Police Officers were not a party to, was at least a motivating factor in their refusal to file police reports on his behalf. The Seventh Circuit in *Woodruff* held that a plaintiff failed to establish a prima facie case of First Amendment Retaliation against employees of the Indiana Family and Social Services Administration ("FSSA") and Indiana State Department of Health ("ISDH") when he failed to demonstrate that his litigation history was a motivating factor in defendants' retaliatory conduct. *Woodruff v. Mason*, 542 F.3d 545 (7th Cir. 2008). There, plaintiff's suit was brought in response to years of litigation between him and FSSA. *Id.* at 551. The retaliatory action allegedly suffered by plaintiff was the "predatory enforcement campaign" undertaken by defendants from ISDH. *Id.* The Court explained that the plaintiff must show that his protected activity, i.e., his litigation history with FSSA was a motivating factor in the retaliatory conduct of ISDH by either direct or circumstantial evidence. *Id*. However, since ISDH employees were not parties to plaintiff's previous lawsuit and he could not otherwise demonstrate that any relationship existed between said litigation history and ISDH, the Court held that plaintiff failed to establish a prima facie case for First Amendment Retaliation. *Id.* The Court reasoned that plaintiff did not demonstrate that the FSSA's antagonism towards him was a motivating factor in the IDSH's predatory enforcement claim to establish retaliatory motive. *Id.*

Likewise, Plaintiff alleges that Sycamore Police Officers refused to file his complaints, while pursuing claims against him in retaliation for his lawsuits. In his Complaint, Plaintiff merely alleges that Officer Neuman "refused to press charges or take a report against [Melissa] Mobile or Cronauer for filing a false police report (…) and instead investigated Plaintiff over an unrelated email." (**Ex. A, ¶ 36**). He then alleges that this was done in retaliation for his lawsuits against Cronauer, Oncken, and Judge Waller. (**Ex. A, ¶ 37**). As to Officer Zepeda, Plaintiff only claims that he "refused to file" his police complaint against Mobile and Cronauer for criminal fraud. (**Ex. A, ¶ 38**). However, Plaintiff fails to establish any causal link between the conduct of **Sycamore Police Officers** *and* his litigation history with **Nicholas Cronauer, Riley Oncken, and Judge Waller.** Based on the Complaint, it is unclear what relationship Officer Zepeda or Officer Neuman would have with the lawsuits against Cronauer, Oncken and Judge Waller for any retaliation to have occurred on their behalf. In other words, the Complaint fails to establish any relationship between the parties that would create a reasonable inference of their motive and subsequent retaliatory conduct. Plaintiff merely speculates and concludes that such a relationship exists without presenting enough factual matter, taken as true, to suggest retaliatory conduct occurred. Thus, Count I must be dismissed.

## II. PLAINTIFF'S COMPLAINT HAS NOT SUFFICIENTLY PLED HIS FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM (COUNT III)

Though Plaintiff argues that he is not required to identify every comparator with evidentiary precision, Plaintiff must nonetheless establish the existence of a similarly situated individual to state a class-of-one Equal Protection claim. *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1003 (7th Cir. 2004); *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012) (providing [Plaintiff] must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" to state a class-

of-one Equal Protection claim). To be considered similarly situated, the individual must be "*prima facie* identical in all relevant aspects." 371 F.3d at 1002. Plaintiff's Complaint does not demonstrate the existence of a similarly situated individual when alleging facts concerning Officer Neuman and Officer Zepeda. No one else, let alone a similarly situated individual, is identified in such allegations. (**Ex. A, ¶¶ 35-38**).

Plaintiff attempts to parallel the instant case to *Geinosky* to argue that he is not required to identify a similarly situated individual to state his class-of-one Equal Protection claim. (**Ex. B, p. 13**). However, the instant matter is distinguishable from *Geinosky*. In *Geinosky*, plaintiff sued the City of Chicago and eight officers under 42 U.S.C. § 1983, alleging "class-of-one" discrimination in violation of the Equal Protection Clause among other claims. *Geinosky v. City of Chicago*, 675 F.3d 743, 746 (7th Cir. 2012). There, the plaintiff was issued twenty-four parking tickets by the same officers over a fourteen-month period without explanation. *Id.* at 745. Some of the tickets were inconsistent with each other despite being received at the same time, implying, for instance, that plaintiff's vehicle was in two places simultaneously. *Id.* The district court dismissed plaintiff's Equal Protection claim, holding that plaintiff failed to sufficiently plead its elements because he did not identify a similarly situated individual. *Id.* at 746. The Court reversed the dismissal of plaintiff's claim, finding plaintiff was not required to identify identical comparators to support his claim because it determined that the unjustified and repeated issuance of the tickets amounted to a "straightforward official harassment case;" as such, "forcing the plaintiff to name a person not so severely harassed serves no such purpose" *Id.*

Unlike *Geinosky*, the instant matter is not a "straightforward official harassment case." The Complaint alleges a single instance where Officer Neuman and Officer Zepeda refused to press charges on Plaintiff's behalf. (**Ex. B, ¶¶ 35-38**). Accordingly, the Court's reasoning in *Geinosky*

as to pleading elements of a "class-of-one" Equal Protection claim are inapplicable here. Because Plaintiff fails to identify a similarly situated individual to support his Equal Protection claim and no exception applies, Count III must be dismissed.

### III. PLAINTIFF HAS NOT PLED A CLAIM UNDER THE ADA OR SECTION 504 (Count V)

#### A. Plaintiff fails to plead viable claims under either statute.

Plaintiff's Complaint must be dismissed because he has not demonstrated that ***he*** suffers from a disability to support his claim under either statute in Count V. Instead, Plaintiff exclusively cites the conditions of his wife and daughter, alleging that the "Sycamore Police Department knew of [their] disabilities" and "knew eviction or instability would severely endanger [their] health." (**Ex. A, ¶¶ 10-13**). Plaintiff's wife and daughter are not parties in this case and Plaintiff has provided no case law to support that he may assert a claim under the ADA or Section 504 for disabilities he does not have.

Citing *Novak*, Plaintiff argues that the Seventh Circuit has recognized that a plaintiff may bring a claim under the ADA and Section 504 where he is harmed "due to his relationship with a disabled person. (**Ex. B, p. 17**). However, in *Novak*, plaintiff asserts a claim based upon his own Post-Traumatic Stress Disorder. *Novak v. Bd. of Trs. of S. Illinois Univ.*, 777 F.3d 966, 966 (7th Cir. 2015). Furthermore, the Court clearly enumerated the elements to plead a claim under the ADA and Section 504. (stating "a plaintiff must show: (1) that *he* suffers from a disability as defined in the statutes, (2) that *he* is qualified to participate in the program in question, and (3) that *he* was either excluded from participating in or denied the benefit of that program based on his disability") (emphasis added). *Id.* at 794. Because Plaintiff cannot plead essential elements of his claims under the ADA and Section 504, Count V must be dismissed with prejudice.

**B.**     **Count V against Officer Neuman and Officer Zepeda must be dismissed because individual officers are not proper defendants under either statute.**

Plaintiff concedes the claims under the ADA must be brought against a public entity rather than individual officers, but that this is not a basis for dismissal with prejudice. (**Ex. B, p. 17**). There is no basis for personal liability under the ADA or Section 504. Beyond the language of both statues expressly identifying the proper defendants for said claims, e.g., "any *public entity*" in Title II of the ADA and "any *program* or *activity* receiving Federal financial assistance" under Section 504, the Seventh Circuit has clarified this general rule. 42 U.S.C. § 12132 (2018); 29 U.S.C. § 794(a) (emphasis added). In *Stanek*, the Seventh Circuit affirmed the dismissal of an action brought under the ADA and Section 504 against a school district, administrators, directors, and teachers in their official capacities. *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 634 (7th Cir. 2015). Citing the holdings of several courts, the Court reasoned that both statutes are nearly identical and maintain no basis for personal liability. *Id.* at 644. Here, Plaintiff similarly asserts his claims against multiple individual officers in their official capacities. (**Ex. A**). Dismissal with prejudice is warranted because any attempt to allege that the remaining defendants, Officer Neuman and Officer Zepeda, have violated the ADA or Section 504 would be futile. Thus, Count V must be dismissed with prejudice.

## **CONCLUSION**.

WHEREFORE, Defendants pray this Honorable Court enters an order dismissing Counts I, III, and V of Plaintiff's Complaint, with prejudice, against Defendants, and for any other relief deemed just and proper.

Respectfully submitted,

Andrew Neuman and Grayson Zepeda

By: /s/ *K. Austin Zimmer*
    One of their Attorneys

K. Austin Zimmer (#6276227)
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, Illinois 60402
P: (708) 222-7000
F: (708) 222-7001
zimmer@dlglawgroup.com