JUDGE JOHNSTON
MAGISTRATE JUDGE SCHNEIDER

RECEIVED
8/10/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

**25CV50338**

**Robert Sam**,
Plaintiff,

v.

**Officer Greyson Scott, individually and in his official capacity**,
**Officer Andrew Neuman, individually and in his official capacity**,
**Officer Aaron Lockhart, individually and in his official capacity**,
**Officer Grayson Zepeda, individually and in his official capacity**,
**Unknown Sycamore Police Officers 1–5, individually and in their official capacities**,

Defendants.

Case No. _____
Judge: _____
JURY TRIAL DEMANDED


## COMPLAINT

Plaintiff, Robert Sam ("Plaintiff"), brings this civil rights action under 42 U.S.C. §§ 1983, 1985(3), the Americans

**EXHIBIT A**

with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act, seeking damages and injunctive relief against individual officers of the Sycamore Police Department for a **multi-year campaign of harassment, retaliation, and selective enforcement** carried out in conspiracy with private actors to intimidate Plaintiff and his disabled family, deprive him of constitutional rights, and inflict severe emotional distress.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4).

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Sycamore, Illinois.

## II. PARTIES

3. Plaintiff Robert Sam is a resident of Sycamore, Illinois, and the primary caregiver for his disabled wife and disabled teenage daughter.

4. Defendant Officer Greyson Scott was, at all relevant times, a sworn officer of the Sycamore Police Department acting under color of state law. He is sued in his individual and official capacities.

5. Defendant Officer Andrew Neuman was, at all relevant times, a sworn officer of the Sycamore Police Department acting under color of state law. He is sued in his individual and official capacities.

6. Defendant Officer Aaron Lockhart was, at all relevant times, a sworn officer of the Sycamore Police Department acting under color of state law. He is sued in his individual and official capacities.

7. Defendant Officer Grayson Zepeda was, at all relevant times, a sworn officer of the Sycamore Police Department acting under color of state law. He is sued in his individual and official capacities.

8. Defendants Unknown Officers 1–5 are sworn officers of the Sycamore Police Department whose identities are not yet known. They are sued in their individual and official capacities.

9. Official-capacity claims are brought to impose liability on the municipality that employs these officers.

## III. FACTUAL BACKGROUND

### A. Family's Disability & SPD Knowledge (2019–2020)

10. Plaintiff's wife suffers from multiple sclerosis, CVID immune deficiency, and Hashimoto's disease,

requiring refrigerated medication and home-based treatment.

11. Plaintiff's teenage daughter suffers from severe epilepsy and double cortex syndrome, requiring stability and an Individualized Education Program (IEP).

12. SPD knew of these disabilities through repeated interactions and prior calls for service.

13. SPD also knew eviction or instability would severely endanger the family's health.

## B. SPD's First Targeting – Officer Greyson Scott (2021–2022)

14. In 2021–2022, Defendant Scott charged Plaintiff with three felony counts after he assisted neighbors — charges that were false, retaliatory, and intended to damage his reputation and housing stability.

15. SPD made false statements in the police report, on its Facebook page, and to Kelsey Rettke of the Shaw Media newspaper, claiming that "DeKalb Elder Care" was called on Plaintiff — a deliberate lie.

16. In reality, Plaintiff had called Elder Care on the alleged victims' daughters, and has voicemails to prove it.

17. One of the alleged victims' daughters, Amy Godfrey, confirmed Plaintiff's account to Crystal, the Public Defender's Office investigator, as relayed to Plaintiff by his public defender, Michelle Dietrich.

18. Although the charges were later dropped, SPD's conduct forced Plaintiff into an unwanted plea agreement under threat of harsher punishment.

19. This marked the beginning of a coordinated pattern of harassment by SPD in conspiracy with private parties.

## C. SPD's Coordination with Landlord and Attorneys (2023)

20. On May 23, 2023, Plaintiff filed suit against landlord Melissa Mobile, BKA Holdings, attorney Riley Oncken, and Hometown Realty in DeKalb County.

21. After being served, Oncken came to Plaintiff's home accompanied by an SPD officer, demanded entry, and provided no warrant.

22. SPD began accompanying Mobile's workers to Plaintiff's home, creating an intimidating environment in ongoing landlord-tenant disputes.

23. SPD ignored Plaintiff's habitability complaints while acting promptly on Mobile's calls.

24. This selective enforcement demonstrates SPD's bias and cooperation with private adversaries.

## D. Entrapment Attempts Ignored by SPD (2024)

25. In early 2024, attorney Nicholas Cronauer allegedly sent a neighbor to attempt to sell drugs to Plaintiff to cause a probation violation.

26. Plaintiff reported this to SPD; SPD refused to investigate or document it.

27. Later in 2024, Cronauer allegedly sent another neighbor to provoke Plaintiff into a fight.

28. Plaintiff again called SPD; SPD refused to take a report.

## E. April 2024 – Housing Inspection Incident

29. A Dekalb Housing Authority inspector arrived at Plaintiff's home with Mobile's personal friend without consent.

30. Plaintiff called SPD; SPD failed to respond.

## F. March 2025 – Surveillance by Landlord's Mother

31. Mobile's mother took photos of Plaintiff's vehicle.

32. Plaintiff called SPD; SPD never responded.

## G. May 2025 – Harassment While Walking Dog

33. Mobile's fiancé filmed Plaintiff while he walked his dog.

34. Plaintiff called SPD; SPD refused to send an officer and refused to document the incident.

## H. August 8, 2025 – Officer Neuman Incident

35. Landlord's associates falsely claimed Plaintiff sent a neighbor to her office.

36. Defendant Neuman refused to press charges or take a report against Mobile or Cronauer for filing a false police report (a Class 4 felony), and instead investigated Plaintiff over an unrelated email that did not mention sending anyone.

37. This was done in retaliation for Plaintiff's lawsuits against Cronauer, Oncken, and Judge Waller.

## I. Officer Zepeda Refusal

38. When Plaintiff attempted to file a police complaint against Mobile and Cronauer for criminal fraud, presenting evidence and proof, Defendant Zepeda refused to file the report.

## J. Policy, Custom, and Failure to Train

39. SPD has maintained a policy, custom, or practice of:
    a. selectively refusing services to Plaintiff;

b. assisting private parties against Plaintiff;

c. failing to investigate Plaintiff's complaints; and

d. retaliating against Plaintiff for protected activity.

40. These policies directly caused the violations herein.

## IV. CLAIMS FOR RELIEF

**Count I – First Amendment Retaliation (42 U.S.C. § 1983)**

**Count II – Fourth Amendment Violations (42 U.S.C. § 1983)**

**Count III – Fourteenth Amendment Equal Protection (42 U.S.C. § 1983)**

**Count IV – Civil Rights Conspiracy (42 U.S.C. § 1985(3))**

**Count V – ADA Title II and Section 504 Retaliation**

**Count VI – Monell Liability Through Official-Capacity Claims**

## V. DAMAGES

41. Plaintiff seeks **$10 million in compensatory damages** and **$15 million in punitive damages** against the individual defendants.

42. Plaintiff also seeks injunctive relief barring further harassment, attorneys' fees under 42 U.S.C. § 1988, and any additional relief the Court deems just.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## Respectfully submitted,

/s/Robert Sam

639 stonegate dr sycamore Illinois 60178
779-777-3265

harpees5@yahoo.com

8/10/25

Pro Se Plaintiff